# CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| JOHN W. WHITE | PHILIP J. BOECKMAN | WORLDWIDE PLAZA | ERIC W. HILFERS | D. SCOTT BENNETT |
| EVAN R. CHESLER | WILLIAM V. FOGG | 825 EIGHTH AVENUE | GEORGE F. SCHOEN | TING S. CHEN |
| PHILIP A. GELSTON | FAIZA J. SAEED | NEW YORK, NY 10019-7475 | ERIK R. TAVZEL | CHRISTOPHER K. FARGO |
| RICHARD W. CLARY | RICHARD J. STARK | | CRAIG F. ARCELLA | KENNETH C. HALCOM |
| JAMES D. COOPER | THOMAS E. DUNN | TELEPHONE: +1-212-474-1000 | DAMIEN R. ZOUBEK | DAVID M. STUART |
| STEPHEN L. GORDON | MARK I. GREENE | FACSIMILE: +1-212-474-3700 | LAUREN ANGELILLI | AARON M. GRUBER |
| DANIEL L. MOSLEY | DAVID R. MARRIOTT | | TATIANA LAPUSHCHIK | O. KEITH HALLAM, III |
| ROBERT H. BARON | MICHAEL A. PASKIN | | ERIC L. SCHIELE | OMID H. NASAB |
| DAVID MERCADO | ANDREW J. PITTS | | ALYSSA K. CAPLES | DAMARIS HERNÁNDEZ |
| CHRISTINE A. VARNEY | MICHAEL T. REYNOLDS | CITYPOINT | JENNIFER S. CONWAY | JONATHAN J. KATZ |
| PETER T. BARBUR | ANTONY L. RYAN | ONE ROPEMAKER STREET | MINH VAN NGO | MARGARET SEGALL D'AMICO |
| SANDRA C. GOLDSTEIN | GEORGE E. ZOBITZ | LONDON EC2Y 9HR | KEVIN J. ORSINI | RORY A. LERARIS |
| THOMAS G. RAFFERTY | GEORGE A. STEPHANAKIS | TELEPHONE: +44-20-7453-1000 | MATTHEW MORREALE | KARA L. MUNGOVAN |
| MICHAEL S. GOLDMAN | DARIN P. MCATEE | FACSIMILE: +44-20-7860-1150 | JOHN D. BURETTA | |
| RICHARD HALL | GARY A. BORNSTEIN | | J. WESLEY EARNHARDT | |
| JULIE A. NORTH | TIMOTHY G. CAMERON | | YONATAN EVEN | SPECIAL COUNSEL |
| ANDREW W. NEEDHAM | KARIN A. DEMASI | WRITER'S DIRECT DIAL NUMBER | BENJAMIN GRUENSTEIN | SAMUEL C. BUTLER |
| STEPHEN L. BURNS | LIZABETHANN R. EISEN | +1-212-474-1438 | JOSEPH D. ZAVAGLIA | |
| KEITH R. HUMMEL | DAVID S. FINKELSTEIN | | STEPHEN M. KESSING | |
| DAVID J. KAPPOS | DAVID GREENWALD | WRITER'S EMAIL ADDRESS | LAUREN A. MOSKOWITZ | |
| DANIEL SLIFKIN | RACHEL G. SKAISTIS | dslifkin@cravath.com | DAVID J. PERKINS | OF COUNSEL |
| ROBERT I. TOWNSEND, III | PAUL H. ZUMBRO | | JOHNNY G. SKUMPIJA | MICHAEL L. SCHLER |
| WILLIAM J. WHELAN, III | JOEL F. HEROLD | | J. LEONARD TETI, II | |

September 20, 2017

<u>In re Insys Therapeutics, Inc. Securities Litigation</u>, 1:17-cv-01954 (PAC)

Dear Judge Crotty:

We represent Defendants Insys Therapeutics, Inc. ("Insys" or the "Company"), Santosh Vetticaden and Darryl Baker (collectively, the "Defendants") in the above-captioned action. Pursuant to your Honor's Individual Practices, we respectfully submit this letter setting forth the principal bases for Defendants' anticipated motion to dismiss the Amended Class Action Complaint (the "Complaint").

This is a putative securities fraud class action based on Insys's restatement of certain of its financial results from 2015 and 2016. The core of the Complaint is the allegation that between May 7, 2015 and March 31, 2017 (the "Class Period"), Defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act by knowingly misrepresenting Insys's financial performance and accounting practices and that those alleged misrepresentations were ultimately revealed by the restatements. Defendants believe that the Complaint fails to state a claim for relief and should be dismissed in its entirety based primarily on three grounds.

First, Plaintiffs fail to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b) because they do not "explain why the [alleged misstatements] were fraudulent" at the time they were made. *ATSI Commc'ns. Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Plaintiffs identify "block quotations from . . . public filings"—many of which the Company repeated in each filing at issue—and "then allege generally that *all* of the statements were misleading for the same four [or five] reasons" without "distinguish[ing] . . . why each statement was misleading". *Monroe Cty. Employees' Ret. Sys. v. YPF Sociedad Anonima*, 15 F. Supp. 3d 336, 354–55 (S.D.N.Y. 2014) (emphasis in original) (dismissing securities claims under Rule 9(b)). This method of pleading "is deficient under the pleading standards". *In re Alcatel Sec. Litig.*, 382 F. Supp. 2d 513, 534 (S.D.N.Y. 2005); *see generally Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp., Inc.*, No. 10-CV-864 (SLT) (RER), 2013 WL 1345086, at *5 (E.D.N.Y. Mar. 29, 2013) (dismissing complaint containing "many long block quotes of public statements made by [defendant] . . . [which] often follow one after the other without Plaintiffs' explaining how and why each individual section is misleading").

Second, many of the purportedly misleading statements on which Plaintiffs base their § 10(b) claim are puffery, forward-looking or expressions of opinion. These statements are non-actionable, either as a matter of law or because Plaintiffs do not allege with particularity facts supporting the inference that the individual Defendants had knowledge of their falsity or did not hold the opinions in question at the time they were stated. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313-14 (2007).

Third, Plaintiffs do not adequately plead scienter. Restatements of earnings or GAAP violations alone without plausible allegations of "corresponding

fraudulent intent[] are not sufficient to state a securities fraud claim". *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 270 (2d Cir. 1996).  A strong inference of scienter is also required to allege why the forward-looking and opinion statements on which Plaintiffs base, in part, their § 10(b) claim, are fraudulent.  Here, Plaintiffs fail plausibly to allege facts that demonstrate Defendants' motive and opportunity to perpetrate the alleged fraud or otherwise constitute strong circumstantial evidence of conscious misbehavior or recklessness.  *See ATSI Commc'ns*, 493 F.3d at 99.  The alleged improper motives attributed to the individual Defendants—essentially, the desire to portray Insys as profitable—"do not constitute 'motive' for purposes of [the scienter] inquiry".  *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JPMorgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).  Nor do Plaintiffs plausibly plead facts that could support the inference that any Defendant personally benefitted from the alleged fraud through stock sales or knew or had access to information that would render any of the statements attributed to the Defendants false at the time they were made.  *See id*. at 198-99; *see also In re Lululemon Securities Litigation*, 14 F. Supp. 3d 553, 585 (S.D.N.Y. 2014) ("Trades made pursuant to a Rule 10b5-1 plan do not give rise to a strong inference of scienter."); *Russo v. Bruce*, 777 F. Supp. 2d 505, 517 (S.D.N.Y. 2011) (stating that insider sales by a single defendant do not give rise to a strong inference of scienter).

       For those reasons, *inter alia*, Defendants seek to move to dismiss the Complaint and will be prepared to do so by the deadline previously set by the Court to answer or move against the Complaint:  September 29, 2017.  (*See* ECF No. 11.)  In the meantime, we will await the Court's instructions.

                    Respectfully,

                    /s/ Daniel Slifkin
                    Daniel Slifkin

Honorable Paul A. Crotty
   United States District Court
      Southern District of New York
         500 Pearl Street
            New York, NY 10007

VIA ECF

Copies to:  Counsel of Record

VIA ECF