**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE INSYS THERAPEUTICS, INC.
SECURITIES LITIGATION

1:17-cv-01954-PAC

**DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION**
**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Daniel Slifkin
David M. Stuart
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendants Insys*
*Therapeutics, Inc., Michael L. Babich,*
*Darryl S. Baker and John N. Kapoor*

Defendants Insys Therapeutics, Inc. ("Insys"), Michael L. Babich, Darryl S. Baker and John N. Kapoor (collectively, "Defendants") hereby answer the Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on October 27, 2017 (ECF No. 30) (the "Complaint"), and assert their affirmative and other defenses.  Except as otherwise expressly set forth below, Defendants deny each and every allegation contained in the Complaint, including without limitation the Table of Contents, headings, sub-headings and footnotes contained in the Complaint.

Defendants state that, pursuant to the Court's Order dated June 12, 2018 (ECF No. 37), Plaintiff's claims against Santosh J. Vetticaden have been dismissed and, accordingly, no response is required to allegations related to Vetticaden.

Defendants deny the allegations in the introductory material in the unnumbered paragraphs on page 1 of the Complaint, except admit that Plaintiff purports to describe the nature of this action and the claims set forth in the Complaint.

1. Defendants deny the allegations in Paragraph 1, except admit that Insys manufactures and sells SUBSYS®, admit that SUBSYS® was Insys's main source of revenue during the purported Class Period, and refer to Insys's Securities and Exchange Commission ("SEC") filings for a description of its business.

2. Defendants deny the allegations in Paragraph 2, except admit that Insys reported net revenues in its periodic SEC filings and refer to those filings for their content.

3. Defendants deny the allegations in Paragraph 3, except admit that Insys reported net revenues and sales allowance in its periodic SEC filings and refer to those filings for their content.

4.     Defendants state that the allegations in Paragraph 4 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 4.

5.     Defendants deny the allegations in Paragraph 5, except admit that Insys issued a press release on March 15, 2017 and refer to the press release for its content.

6.     Defendants deny the allegations in Paragraph 6 and refer to public sources of Insys's historical stock price and trading volume.

7.     Defendants deny the allegations in Paragraph 7, except admit that Insys filed a Form 8-K with the SEC on March 31, 2017 and refer to the filing for its content.

8.     Defendants deny the allegations in Paragraph 8.

9.     Defendants state that the allegations in Paragraph 9 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 9, except admit that Plaintiff purports to describe the nature of the claims asserted in this action pursuant to the statutes cited therein.

10.     Defendants state that the allegations in Paragraph 10 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 10, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to the statutes cited therein and admit that Insys's common stock is traded on the NASDAQ Global Market under the symbol INSY.

11.     Defendants state that the allegations in Paragraph 11 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 11, except admit that Plaintiff purports to base venue in this Court pursuant to the statutes cited therein.

12.     Defendants state that the allegations in Paragraph 12 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 12, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiff Michael Robson's stock purchase history.

13.     Defendants deny the allegations in Paragraph 13, except admit that (i) Insys is incorporated in Delaware and maintains its headquarters in Chandler, Arizona; (ii) Insys is a commercial-stage specialty pharmaceutical company that develops and commercializes innovative supportive care products and refer to Insys's SEC filings for a description of its business; (iii) Insys manufactures and sells SUBSYS®, and SUBSYS® was Insys's main source of revenue during the purported Class Period; (iv) Insys received marketing approval for SUBSYS® from the Food and Drug Administration ("FDA") in January 2012; (v) the label for SUBSYS® is approved by the FDA and refer to the label for its content; and (vi) distribution of SUBSYS® is monitored by the FDA Transmucosal Immediate Release Fentanyl Risk Evaluation and Mitigation Strategy ("TIRF-REMS") program and refer to Insys's SEC filings and TIRF-REMS program documents for a description of the program.

14.     Defendants deny the allegations in Paragraph 14, except admit that (i) Defendant Babich served as Insys's President from November 2010 to November 2015, Chief Executive Officer from March 2011 to November 2015 and Chief Operating Officer from March 2007 to November 2010; (ii) Defendant Babich served as the Chief Operating Officer of Insys's wholly owned subsidiary Insys Pharma from March 2007 to November 2010; (iii) Defendant Babich resigned his position as Chief Executive Officer of Insys effective November 4, 2015; (iv) Insys issued a press release on November 5, 2015 and refer to the press release for its content; and

(v) federal government authorities arrested Defendant Babich on December 8, 2016 and charged him with certain crimes detailed in an indictment, and refer to the indictment for its content.

15.     Defendants state that the allegations in Paragraph 15 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 15, except admit that Defendant Babich at times was provided with copies of certain reports, press releases, public filings or other statements prior to and/or shortly after the statements were issued.

16.     Defendants deny the allegations in Paragraph 16, except admit that (i) Defendant Kapoor co-founded Insys and served as Insys's Executive Chairman of the Board of Directors during the purported Class Period and as Insys's President and Chief Executive Officer from November 4, 2015 to January 9, 2017; and (ii) Insys filed a Form 8-K with the SEC on March 3, 2015 and refer to the filing for its content.

17.     Defendants deny the allegations in Paragraph 17, except admit that Insys filed Forms 10-K with the SEC on February 29, 2016 and April 3, 2017 and refer to the filings for their content.

18.     Defendants state that the allegations in Paragraph 18 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 18, except admit that Defendant Kapoor at times was provided with copies of certain reports, press releases, public filings or other statements prior to and/or shortly after the statements were issued.

19.     Defendants deny the allegations in Paragraph 19, except admit that Insys issued press releases on September 21, 2016 and January 9, 2017 and refer to the press releases for their content.

20.     Defendants deny the allegations in Paragraph 20, except admit that federal government authorities arrested Defendant Kapoor on October 26, 2017 and charged him with certain crimes detailed in an indictment, and refer to the indictment for its content.

21.     Defendants deny the allegations in Paragraph 21, except state that all claims against Santosh Vetticaden are no longer part of this action pursuant to the Court's Order dated June 12, 2018 and no response is required.  (ECF No. 37 at 1, 5-6, 10, 14-15.)  To the extent that a further response is required, Defendants deny the allegations in Paragraph 21, except admit that (i) Vetticaden served as Insys's Interim Chief Executive Officer from January 9, 2017 to April 28, 2017 and Chief Medical Officer from January 2016 to April 28, 2017; and (ii) Insys issued a press release on January 9, 2017 and refer to the press release for its content.

22.     Defendants state that (i) the allegations in Paragraph 22 purport to state a legal conclusion; (ii) all claims against Santosh Vetticaden are no longer part of this action pursuant to the Court's Order dated June 12, 2018 (ECF No. 37 at 1, 5-6, 10, 14-15); and (iii) no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 22, except admit that Vetticaden at times was provided with copies of certain reports, press releases, public filings or other statements prior to and/or shortly after the statements were issued.

23.     Defendants deny the allegations in Paragraph 23, except admit that Insys filed Forms 8-K with the SEC on March 31 and April 17, 2017 and filed a Form 10-K with the SEC on April 3, 2017 and refer to the filings for their content.

24.     Defendants deny the allegations in Paragraph 24, except (i) admit that Defendant Baker served as Insys's Chief Financial Officer during the purported Class Period; (ii) admit that, prior to serving as Insys's Chief Financial Officer, Defendant Baker served as Chief

Financial Officer and Corporate Controller for iGo and as Corporate Controller for Integrated Information Systems and SkyMall; and (iii) state that Plaintiff purports to quote from a LinkedIn profile for Defendant Baker and refer to any such document for its content.

25.     Defendants state that the allegations in Paragraph 25 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 25, except admit that Defendant Baker at times was provided with copies of certain reports, press releases, public filings or other statements prior to and/or shortly after the statements were issued.

26.     Defendants deny the allegations in Paragraph 26, except admit that Insys issued press releases on May 16 and July 18, 2017 and refer to the press releases for their content.

27.     Defendants deny the allegations in Paragraph 27, except state that all claims against Santosh Vetticaden are no longer part of this action pursuant to the Court's Order dated June 12, 2018 (ECF No. 37 at 1, 5-6, 10, 14-15) and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 27, except admit that the allegations purport to describe certain allegations in the Complaint.

28.     Defendants deny the allegations in Paragraph 28, except admit that Insys is a commercial-stage specialty pharmaceutical company that develops and commercializes innovative supportive care products, admit that Insys's initial public offering occurred on May 7, 2013, admit that Insys manufactures and sells SUBSYS®, admit that SUBSYS® was Insys's main source of revenue during the purported Class Period, and refer to Insys's SEC filings for a description of its business.

29.     Defendants deny the allegations in Paragraph 29, except admit that the prescribing of SUBSYS® is governed by the FDA-mandated TIRF-REMS program and refer to Insys's SEC filings and TIRF-REMS program documents for a description of the program.

30.     Defendants deny the allegations in Paragraph 30, except admit that the prescribing of SUBSYS® is governed by the FDA-mandated TIRF-REMS program and refer to Insys's SEC filings and TIRF-REMS program documents for a description of the program.

31.     Defendants deny the allegations in Paragraph 31, except admit that the prescribing of SUBSYS® is governed by the FDA-mandated TIRF-REMS program and refer to Insys's SEC filings and TIRF-REMS program documents for a description of the program.

32.     Defendants deny the allegations in Paragraph 32, except admit that Insys filed a Form 10-K with the SEC on April 3, 2017 and refer to the filing for its content.

33.     Defendants deny the allegations in Paragraph 33, except admit that SUBSYS® was Insys's main source of revenue during the purported Class Period.

34.     Defendants deny the allegations in Paragraph 34, except admit that Plaintiff purports to quote from Insys's filings with the SEC and refer to those filings for their content.

35.     Defendants deny the allegations in Paragraph 35, except admit that Insys filed a Form 10-K with the SEC on April 3, 2017 and refer to the filing for its content.

36.     Defendants deny the allegations in Paragraph 36, except admit that Insys filed a Form 10-K with the SEC on April 3, 2017 and refer to the filing for its content.

37.     Defendants deny the allegations in Paragraph 37, except admit that Insys issues periodic filings with the SEC and refer to those filings for their content.

38.     Defendants deny the allegations in Paragraph 38, except admit that fentanyl is an active ingredient in SUBSYS® and is categorized by the DEA as a Schedule II substance under the Controlled Substances Act.

39.     Defendants deny the allegations in Paragraph 39, except admit that Insys filed a Form 10-K with the SEC on April 3, 2017 and refer to the filing for its content.

40.     Defendants deny the allegations in Paragraph 40, except admit that Insys entered into certain rebate programs with third-party payers.

41.     Defendants deny the allegations in Paragraph 41, except admit that Insys filed a Form 10-K with the SEC on April 3, 2017 and refer to the filing for its content.

42.     Defendants deny the allegations in Paragraph 42, except admit that Insys filed a Form 10-K with the SEC on April 3, 2017 and refer to the filing for its content, and admit that Defendant Kapoor participated in the December 1, 2015 Piper Jaffray Healthcare Conference and refer to the transcript of that conference for its content.

43.     Defendants deny the allegations in Paragraph 43, except admit that Insys previously provided administrative reimbursement support assistance to help patients coordinate with their insurance companies.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45, except admit that Insys filed a Form 10-K with the SEC on April 3, 2017 and refer to the filing for its content.

46.     Defendants deny the allegations in Paragraph 46, except admit that Insys filed a Form 10-K on April 3, 2017 and refer to the filing for its content.

47.     Defendants deny the allegations in Paragraph 47, except admit that Insys filed a Form 10-K with the SEC on April 3, 2017 and refer to the filing for its content.

48.     Defendants state that the allegations in Paragraph 48 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 48, except admit the existence of the cited statutes and regulatory materials and refer to the statutes and regulatory materials for their content.

49.     Defendants state that the allegations in Paragraph 49 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 49, except admit that Plaintiff purports to describe certain rights arising under state law.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51, except admit that First Horizon Pharmaceutical Corp. was founded in 1992, admit that First Horizon Pharmaceutical Corp. changed its name to Sciele Pharma, Inc. in 2006, and admit that Patrick Fourteau joined Insys's board of directors in March 2011.

52.     Defendants deny the allegations in Paragraph 52, except admit that Insys received a subpoena from the U.S. Attorney's Office for the District of Massachusetts on September 8, 2014 and admit that federal government authorities arrested and unsealed an indictment of Defendant Babich and other former Insys employees, including Alec Burlakoff, on December 8, 2016 and refer to the indictment for its content.

53.     Defendants deny the allegations in Paragraph 53, except admit that the Southern Investigative Reporting Foundation ("SIRF") published an article entitled "The Brotherhood of Thieves:  Insys Therapeutics" on January 25, 2016 and refer to the article for its content.

54.     Defendants deny the allegations in Paragraph 54, except admit that Plaintiff purports to quote select portions from a report entitled "Fueling an Epidemic:  Insys Therapeutics

and the Systemic Manipulation of Prior Authorization" released by the U.S. Senate Homeland Security & Governmental Affairs Committee on September 6, 2017 and refer to the report for its content.

55.     Defendants deny the allegations in Paragraph 55, except admit that Plaintiff purports to quote select portions from a report entitled "Fueling an Epidemic:  Insys Therapeutics and the Systemic Manipulation of Prior Authorization" released by the U.S. Senate Homeland Security & Governmental Affairs Committee on September 6, 2017 and refer to the report for its content.

56.     Defendants deny the allegations in Paragraph 56, except admit that SIRF published an article entitled "The Brotherhood of Thieves:  Insys Therapeutics" on January 25, 2016 and refer to the article for its content.

57.     Defendants deny the allegations in Paragraph 57, except admit that in June 2017 Elizabeth Gurrieri pleaded guilty to conspiracy to commit wirefraud.

58.     Defendants deny the allegations in Paragraph 58, except admit that Insys issues periodic filings with the SEC and refer to those filings for their content.

59.     Defendants deny the allegations in Paragraph 59, except admit that Plaintiff purports to quote select portions of a complaint filed in *Blue Cross of California Inc., et al. v. Insys Therapeutics Inc.*, No. 2:17-cv-02286 (D. Ariz.), and refer to the complaint for its content.

60.     Defendants deny the allegations in Paragraph 60, except admit that Insys filed a Form 10-K with the SEC on February 29, 2016 and refer to the filing for its content.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63, except admit that Plaintiff purports to quote from Insys's filings with the SEC and refer to those filings for their content.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants state that the allegations in Paragraph 66 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67, except admit that Insys filed a Form 8-K with the SEC on March 31, 2017 and refer to the filing for its content.

68.     Defendants state that the allegations in Paragraph 68 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 68, except admit that Plaintiff purports to quote from Insys's filings with the SEC and refer to those filings for their content.

69.     Defendants deny the allegations in Paragraph 69, except admit that Plaintiff purports to quote from Insys's filings with the SEC and refer to those filings for their content.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73, except admit that (i) Insys issued a press release on March 15, 2017 and refer to the press release for its content; and (ii) Insys filed a Form 12b-25 with the SEC on March 15, 2017 and refer to the filing for its content.

74.     Defendants deny the allegations in Paragraph 74, except admit that Insys filed a Form 8-K with the SEC on March 31, 2017 and refer to the filing for its content.

75.     Defendants deny the allegations in Paragraph 75, except admit that Insys filed a Form 8-K with the SEC on March 31, 2017 and refer to the filing for its content.

76.     Defendants deny the allegations in Paragraph 76, except admit that Insys filed a Form 8-K with the SEC on March 31, 2017 and refer to the filing for its content.

77.     Defendants deny the allegations in Paragraph 77, except admit that Insys filed a Form 8-K with the SEC on August 11, 2016 and refer to the filing for its content.

78.     Defendants deny the allegations in Paragraph 78, except admit that Insys filed a Form 8-K with the SEC on September 21, 2016 and issued a press release on January 9, 2017 and refer to the documents for their content.

79.     Defendants deny the allegations in Paragraph 79, except state that all claims against Santosh Vetticaden are no longer part of this action pursuant to the Court's Order dated June 12, 2018 and no response is required.  (ECF No. 37 at 1, 5-6, 10, 14-15.)  To the extent that a further response is required, Defendants deny the allegations in Paragraph 79, except admit that Vetticaden served as Insys's Interim Chief Executive Officer from January 9, 2017 to April 28, 2017.

80.     Defendants deny the allegations in Paragraph 80, except admit that Insys issued press releases on May 16 and July 18, 2017 and refer to the press releases for their content.

81.     Defendants deny the allegations in Paragraph 81, except admit that Insys issued a press release on May 7, 2015 and refer to the press release for its content.

82.     Defendants state that the allegations in Paragraph 82 purport to state a legal conclusion and no response is required.  To the extent that a further response is required,

Defendants deny the allegations in Paragraph 82, except admit that (i) Insys issued a press release on May 7, 2015 and refer to the press release for its content; and (ii) Insys held an earnings conference call on May 7, 2015 and refer to the transcript of the call for its content.

83.     Defendants state that the allegations in Paragraph 83 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 83.

84.     Defendants state that the allegations in Paragraph 84 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 84 and refer to public sources of Insys's historical stock price and trading volume.

85.     Defendants state that the allegations in Paragraph 85 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 85, except admit that Insys filed a Form 10-Q with the SEC on May 11, 2015 and refer to the filing for its content.

86.     Defendants deny the allegations in Paragraph 86, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

87.     Defendants deny the allegations in Paragraph 87, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

88.     Defendants deny the allegations in Paragraph 88, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

89.     Defendants deny the allegations in Paragraph 89, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

90.     Defendants state that the allegations in Paragraph 90 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91, except admit that Insys filed a Form 10-Q with the SEC on May 11, 2015 and refer to the filing for its content.

92.     Defendants deny the allegations in Paragraph 92, except admit that Insys filed a Form 10-Q with the SEC on May 11, 2015 and refer to the filing for its content.

93.     Defendants deny the allegations in Paragraph 93, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

94.     Defendants deny the allegations in Paragraph 94, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

95.     Defendants state that the allegations in Paragraph 95 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

97.     Defendants deny the allegations in Paragraph 97, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

98.     Defendants deny the allegations in Paragraph 98, except admit that Insys filed a Form 10-Q with the SEC on May 11, 2015 and refer to the filing for its content.

99.     Defendants deny the allegations in Paragraph 99, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 11, 2015 and refer to the filing for its content.

100.    Defendants state that the allegations in Paragraph 100 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 100.

101.    Defendants state that the allegations in Paragraph 101 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 101 and refer to public sources of Insys's historical stock price and trading volume.

102.    Defendants deny the allegations in Paragraph 102, except admit that Insys issued a press release on August 6, 2015 and refer to the press release for its content.

103.    Defendants deny the allegations in Paragraph 103, except admit that Insys issued a press release on August 6, 2015 and refer to the press release for its content.

104.    Defendants state that the allegations in Paragraph 104 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 104.

105.     Defendants state that the allegations in Paragraph 105 purport to state a legal conclusion and no response is required.  To the extent that a further response is required, Defendants deny the allegations in Paragraph 105, except admit that Insys filed a Form 10-Q with the SEC on August 6, 2015 and refer to the filing for its content.

106.     Defendants deny the allegations in Paragraph 106, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 6, 2015 and refer to the filing for its content.

107.     Defendants deny the allegations in Paragraph 107, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 6, 2015 and refer to the filing for its content.

108.     Defendants deny the allegations in Paragraph 108, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 6, 2015 and refer to the filing for its content.

109.     Defendants deny the allegations in Paragraph 109, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 6, 2015 and refer to the filing for its content.

110.     Defendants state that the allegations in Paragraph 110 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 110.

111.     Defendants deny the allegations in Paragraph 111, except admit that Insys filed a Form 10-Q with the SEC and refer to the filing for its content.

112.     Defendants state that the allegations in Paragraph 112 purport to state a legal conclusion and no response is required.  To the extent that a further response is required,

Defendants deny the allegations in Paragraph 112, except admit that (i) Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 6, 2015 and refer to the filing for its content; and (ii) Insys held an earnings conference call on August 6, 2015 and refer to the transcript of the call for its content.

113.    Defendants deny the allegations in Paragraph 113, except admit that Insys held an earnings conference call on August 6, 2015 and refer to the transcript of the call for its content.

114.    Defendants deny the allegations in Paragraph 114, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 6, 2015 and refer to the filing for its content.

115.    Defendants state that the allegations in Paragraph 115 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 6, 2015 and refer to the filing for its content.

117.    Defendants deny the allegations in Paragraph 117, except admit that Insys filed Forms 10-Q with the SEC on May 11 and August 6, 2015 and refer to the filings for their content.

118.    Defendants deny the allegations in Paragraph 118, except admit that Insys filed a Form 10-Q with the SEC on August 6, 2015 and refer to the filing for its content.

119.    Defendants state that the allegations in Paragraph 119 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 119.

120.     Defendants deny the allegations in Paragraph 120, except admit that Insys issued a press release on November 5, 2015 and refer to the press release for its content.

121.     Defendants deny the allegations in Paragraph 121, except admit that Insys issued a press release on November 5, 2015 and refer to the press release for its content.

122.     Defendants state that the allegations in Paragraph 122 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 122.

123.     Defendants state that the allegations in Paragraph 123 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 123 and refer to public sources of Insys's historical stock price and trading volume.

124.     Defendants state that the allegations in Paragraph 124 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 124, except admit that Insys filed a Form 10-Q with the SEC on November 5, 2015 and refer to the filing for its content.

125.     Defendants deny the allegations in Paragraph 125, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 5, 2015 and refer to the filing for its content.

126.     Defendants deny the allegations in Paragraph 126, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 5, 2015 and refer to the filing for its content.

127.     Defendants deny the allegations in Paragraph 127, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 5, 2015 and refer to the filing for its content.

128.     Defendants deny the allegations in Paragraph 128 except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 5, 2015 and refer to the filing for its content.

129.     Defendants state that the allegations in Paragraph 129 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 129.

130.     Defendants deny the allegations in Paragraph 130, except admit that Insys filed a Form 10-Q with the SEC on November 5, 2015 and refer to the filing for its content.

131.     Defendants deny the allegations in Paragraph 131, except admit that Insys filed a Form 10-Q with the SEC on November 5, 2015 and refer to the filing for its content.

132.     Defendants state that the allegations in Paragraph 132 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 132, except admit that Insys held an earnings conference call on November 5, 2015 and refer to the transcript of the call for its content.

133.     Defendants deny the allegations in Paragraph 133, except admit that Insys held an earnings conference call on November 5, 2015 and refer to the transcript of the call for its content.

134.     Defendants deny the allegations in Paragraph 134, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 5, 2015 and refer to the filing for its content.

135.     Defendants state that the allegations in Paragraph 135 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 135.

136.     Defendants deny the allegations in Paragraph 136, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 5, 2015 and refer to the filing for its content.

137.     Defendants deny the allegations in Paragraph 137, except admit that Insys filed a Form 10-Q with the SEC on November 5, 2015 and refer to the filing for its content.

138.     Defendants deny the allegations in Paragraph 138, except admit that Insys filed Forms 10-Q with the SEC on May 11 and August 6, 2015 and refer to the filings for their content.

139.     Defendants state that the allegations in Paragraph 139 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 139.

140.     Defendants state that the allegations in Paragraph 140 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 140 and refer to public sources of Insys's historical stock price and trading volume.

141.     Defendants deny the allegations in Paragraph 141, except admit that Insys issued a press release on February 23, 2016 and refer to the press release for its content.

142.     Defendants deny the allegations in Paragraph 142, except admit that Insys filed a Form 10-K with the SEC on February 29, 2016 and refer to the filing for its content.

143.     Defendants state that the allegations in Paragraph 143 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 143.

144.     Defendants state that the allegations in Paragraph 144 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 144 and refer to public sources of Insys's historical stock price and trading volume.

145.     Defendants state that the allegations in Paragraph 145 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 145, except admit that Insys filed a Form 10-K with the SEC on February 29, 2016 and refer to the filing for its content.

146.     Defendants deny the allegations in Paragraph 146, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

147.     Defendants deny the allegations in Paragraph 147, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

148.     Defendants deny the allegations in Paragraph 148, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

149.     Defendants deny the allegations in Paragraph 149, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

150.    Defendants state that the allegations in Paragraph 150 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

152.    Defendants deny the allegations in Paragraph 152, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

153.    Defendants deny the allegations in Paragraph 153, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

154.    Defendants state that the allegations in Paragraph 154 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 154, except admit that Insys held an earnings conference call on February 23, 2016 and refer to the transcript of the call for its content.

155.    Defendants deny the allegations in Paragraph 155, except admit that Insys held an earnings conference call on February 23, 2016 and refer to the transcript of the call for its content.

156.    Defendants deny the allegations in Paragraph 156, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

157.     Defendants state that the allegations in Paragraph 157 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 157.

158.     Defendants deny the allegations in Paragraph 158, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on February 29, 2016 and refer to the filing for its content.

159.     Defendants deny the allegations in Paragraph 159, except admit that Insys filed a Form 10-K with the SEC on February 29, 2016 and refer to the filing for its content.

160.     Defendants deny the allegations in Paragraph 160, except admit that Insys filed a Form 10-K with the SEC on February 29, 2016 and refer to the filing for its content.

161.     Defendants admit the allegations in Paragraph 161.

162.     Defendants state that the allegations in Paragraph 162 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 162.

163.     Defendants deny the allegations in Paragraph 163, except admit that Insys issued a press release on April 28, 2016 and refer to the press release for its content.

164.     Defendants deny the allegations in Paragraph 164, except admit that Insys issued a press release on April 28, 2016 and refer to the press release for its content, and admit that Insys held an earnings conference call on May 5, 2016 and refer to the transcript of the call for its content.  Defendants also state that all claims against Santosh Vetticaden are no longer part of this action pursuant to the Court's Order dated June 12, 2018 and no response is required.  (ECF No. 37 at 1, 5-6, 10, 14-15.)

165.    Defendants state that the allegations in Paragraph 165 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 165.

166.    Defendants state that the allegations in Paragraph 166 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 166, except admit that Insys filed a Form 10-Q with the SEC on May 5, 2016 and refer to the filing for its content.

167.    Defendants deny the allegations in Paragraph 167, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 5, 2016 and refer to the filing for its content.

168.    Defendants deny the allegations in Paragraph 168, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 5, 2016 and refer to the filing for its content.

169.    Defendants deny the allegations in Paragraph 169, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 5, 2016 and refer to the filing for its content.

170.    Defendants deny the allegations in Paragraph 170, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 5, 2016 and refer to the filing for its content.

171.    Defendants state that the allegations in Paragraph 171 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 171.

172.    Defendants deny the allegations in Paragraph 172, except admit that Insys filed a Form 10-Q with the SEC on May 5, 2016 and refer to the filing for its content.

173.    Defendants deny the allegations in Paragraph 173, except admit that Insys filed a Form 10-Q with the SEC on May 5, 2016 and refer to the filing for its content.

174.    Defendants deny the allegations in Paragraph 174, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 5, 2016 and refer to the filing for its content.

175.    Defendants state that the allegations in Paragraph 175 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 175, except admit that Insys held an earnings conference call on May 5, 2016 and refer to the transcript of the call for its content.

176.    Defendants deny the allegations in Paragraph 176, except admit that Insys held an earnings conference call on May 5, 2016 and refer to the transcript of the call for its content.

177.    Defendants deny the allegations in Paragraph 177, except admit that Insys held an earnings conference call on May 5, 2016 and refer to the transcript of the call for its content.

178.    Defendants state that the allegations in Paragraph 178 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 5, 2016 and refer to the filing for its content.

180.    Defendants deny the allegations in Paragraph 180, except admit that Insys filed a Form 10-Q with the SEC on May 5, 2016 and refer to the filing for its content.

181.    Defendants deny the allegations in Paragraph 181, except admit that Insys filed a Form 10-Q with the SEC on May 5, 2016 and refer to the filing for its content.

182.    Defendants deny the allegations in Paragraph 182, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on May 5, 2016 and refer to the filing for its content.

183.    Defendants state that the allegations in Paragraph 183 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184, except admit that Insys issued a press release on August 3, 2016 and refer to the press release for its content.

185.    Defendants deny the allegations in Paragraph 185, except admit that Insys issued a press release on August 3, 2016 and refer to the press release for its content.

186.    Defendants deny the allegations in Paragraph 186, except admit that Insys held an earnings conference call on August 3, 2016 and refer to the transcript of the call for its content.

187.    Defendants deny the allegations in Paragraph 187, except admit that Insys held an earnings conference call on August 3, 2016 and refer to the transcript of the call for its content.

188.    Defendants state that the allegations in Paragraph 188 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 188.

189.    Defendants state that the allegations in Paragraph 189 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 189 and refer to public sources of Insys's historical stock price and trading volume.

190.     Defendants state that the allegations in Paragraph 190 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 190, except admit that Insys filed a Form 10-Q with the SEC on August 5, 2016 and refer to the filing for its content.

191.     Defendants deny the allegations in Paragraph 191, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 5, 2016 and refer to the filing for its content.

192.     Defendants deny the allegations in Paragraph 192, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 5, 2016 and refer to the filing for its content.

193.     Defendants deny the allegations in Paragraph 193, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 5, 2016 and refer to the filing for its content.

194.     Defendants deny the allegations in Paragraph 194, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 5, 2016 and refer to the filing for its content.

195.     Defendants state that the allegations in Paragraph 195 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 195.

196.     Defendants state that the allegations in Paragraph 196 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197, except admit that Insys filed a Form 10-Q with the SEC on August 5, 2016 and refer to the filing for its content.

198.    Defendants deny the allegations in Paragraph 198, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 5, 2016 and refer to the filing for its content.

199.    Defendants state that the allegations in Paragraph 199 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 199.

200.    Defendants deny the allegations in Paragraph 200, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 5, 2016 and refer to the filing for its content.

201.    Defendants deny the allegations in Paragraph 201, except admit that Insys filed a Form 10-Q with the SEC on August 5, 2016 and refer to the filing for its content.

202.    Defendants deny the allegations in Paragraph 202, except admit that Insys filed a Form 10-Q with the SEC on August 5, 2016 and refer to the filing for its content.

203.    Defendants deny the allegations in Paragraph 203, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on August 5, 2016 and refer to the filing for its content.

204.    Defendants state that the allegations in Paragraph 204 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 204.

205.    Defendants deny the allegations in Paragraph 205, except admit that Insys issued a press release on November 3, 2016 and refer to the press release for its content.

206.     Defendants deny the allegations in Paragraph 206, except admit that Insys issued a press release on November 3, 2016 and refer to the press release for its content.

207.     Defendants deny the allegations in Paragraph 207, except admit that Insys issued a press release on November 3, 2016 and refer to the press release for its content.

208.     Defendants deny the allegations in Paragraph 208, except admit that Insys issued a press release on November 3, 2016 and refer to the press release for its content.

209.     Defendants deny the allegations in Paragraph 209, except admit that Insys held an earnings conference call on November 3, 2016 and refer to the transcript of the call for its content.

210.     Defendants deny the allegations in Paragraph 210, except admit that Insys held an earnings call on November 3, 2016 and refer to the transcript of the call for its content.

211.     Defendants deny the allegations in Paragraph 211, except (i) admit that Insys held an earnings call on November 3, 2016, and refer to the transcript of the call for its content; and (ii) state that all claims against Santosh Vetticaden are no longer part of this action pursuant to the Court's Order dated June 12, 2018 and no response is required.  (ECF No. 37 at 1, 5-6, 10, 14-15.)

212.     Defendants state that the allegations in Paragraph 212 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 212.

213.     Defendants state that the allegations in Paragraph 213 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 213 and refer to public sources of Insys's historical stock price and trading volume.

29

214.     Defendants state that the allegations in Paragraph 214 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 214, except admit that Insys filed a Form 10-Q with the SEC on November 3, 2016 and refer to the filing for its content.

215.     Defendants deny the allegations in Paragraph 215, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 3, 2016 and refer to the filing for its content.

216.     Defendants deny the allegations in Paragraph 216, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 3, 2016 and refer to the filing for its content.

217.     Defendants deny the allegations in Paragraph 217, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 3, 2016 and refer to the filing for its content.

218.     Defendants deny the allegations in Paragraph 218, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 3, 2016 and refer to the filing for its content.

219.     Defendants state that the allegations in Paragraph 219 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 219.

220.     Defendants deny the allegations in Paragraph 220, except admit that Insys filed a Form 10-Q with the SEC on November 3, 2016 and refer to the filing for its content.

221.     Defendants deny the allegations in Paragraph 221, except admit that Insys filed a Form 10-Q with the SEC on November 3, 2016 and refer to the filing for its content.

222.    Defendants deny the allegations in Paragraph 222, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 3, 2016 and refer to the filing for its content.

223.    Defendants state that the allegations in Paragraph 223 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 223.

224.    Defendants deny the allegations in Paragraph 224, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 3, 2016 and refer to the filing for its content.

225.    Defendants deny the allegations in Paragraph 225, except admit that Insys filed a Form 10-Q with the SEC on November 3, 2016 and refer to the filing for its content.

226.    Defendants deny the allegations in Paragraph 226, except admit that Insys filed a Form 10-Q with the SEC on November 3, 2016 and refer to the filing for its content.

227.    Defendants deny the allegations in Paragraph 227, except admit that Plaintiff purports to quote from Insys's Form 10-Q filed with the SEC on November 3, 2016 and refer to the filing for its content.

228.    Defendants state that the allegations in Paragraph 228 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 228.

229.    Defendants state that the allegations in Paragraph 229 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 229 and refer to public sources of Insys's historical stock price and trading volume.

230.    Defendants deny the allegations in Paragraph 230, except admit that Insys filed a press release on March 15, 2017 and refer to the press release for its content.

231.    Defendants deny the allegations in Paragraph 231, except admit that Insys filed a Form 12b-25 with the SEC on March 15, 2017 and refer to that filing for its content.

232.    Defendants deny the allegations in Paragraph 232 and refer to public sources of Insys's historical stock price and trading volume.

233.    Defendants deny the allegations in Paragraph 233, except admit that Insys filed a Form 8-K with the SEC on March 31, 2017 and refer to the filing for its content.

234.    Defendants deny the allegations in Paragraph 234, except admit that Insys filed a Form 8-K with the SEC on March 31, 2017 and refer to the filing for its content.

235.    Defendants deny the allegations in Paragraph 235, except admit that Insys filed three Forms 10-Q/A for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

236.    Defendants deny the allegations in Paragraph 236, except admit that Insys filed three Forms 10-Q/A for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

237.    Defendants deny the allegations in Paragraph 237, except state that the first sentence of Paragraph 237 purports to state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in the first sentence of Paragraph 237.

238.    Defendants deny the allegations in Paragraph 238, except admit that Plaintiff purports to quote 17 C.F.R. § 210.4-01(a)(1) and refer to that regulation for its content.

239.     Defendants deny the allegations in Paragraph 239, except admit that Plaintiff purports to quote a portion of the American Institute of Certified Public Accountants' Clarified Auditing Standards and refer to that publication for its content.

240.     Defendants deny the allegations in paragraph 240.

241.     Defendants state that the allegations in Paragraph 241 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 241.

242.     Defendants deny the allegations in Paragraph 242, except admit that Plaintiff purports to quote a portion of Insys's revenue recognition policy and refer to Insys's quarterly and annual SEC reports for their content.

243.     Defendants deny the allegations in Paragraph 243, except admit that Plaintiff purports to quote certain standards promulgated by the Financial Accounting Standards Board and refer to those standards for their content.

244.     Defendants deny the allegations in Paragraph 244, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on April 3, 2017 and refer to the filing for its content, and admit that Plaintiff purports to characterize certain standards promulgated by the Financial Accounting Standards Board and refer to those standards for their content.

245.     Defendants deny the allegations in Paragraph 245.

246.     Defendants deny the allegations in Paragraph 246, except admit that Plaintiff purports to quote from Insys's Form 10-K filed with the SEC on April 3, 2017 and refer to the filing for its content.

247.     Defendants deny the allegations in Paragraph 247.

248.     Defendants deny the allegations in Paragraph 248.

249.     Defendants deny the allegations in Paragraph 249, except admit that Plaintiff purports to quote portions of a standard promulgated by the Financial Accounting Standards Board and refer to that standard for its content.

250.     Defendants deny the allegations in Paragraph 250, except admit that Plaintiff purports to quote portions of a standard promulgated by the Financial Accounting Standards Board and refer to that standard for its content.

251.     Defendants deny the allegations in Paragraph 251, except admit that Plaintiff purports to quote select portions of the Forms 10-Q/A that Insys filed for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

252.     Defendants deny the allegations in Paragraph 252, except admit that Plaintiff purports to quote portions of a standard promulgated by the Financial Accounting Standards Board and refer to that standard for its content.

253.     Defendants deny the allegations in Paragraph 253, except admit that Plaintiff purports to quote portions of a standard promulgated by the Financial Accounting Standards Board and refer to that standard for its content.

254.     Defendants deny the allegations in Paragraph 254.

255.     Defendants deny the allegations in Paragraph 255.

256.     Defendants deny the allegations in Paragraph 256, except admit that Plaintiff purports to quote select portions of the Forms 10-Q/A that Insys filed with the SEC for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

257.     Defendants deny the allegations in Paragraph 257.

258.    Defendants deny the allegations in Paragraph 258, except admit that Plaintiff purports to quote 15 U.S.C. § 78m(b)(2) and refer to that statute for its content.

259.    Defendants deny the allegations in Paragraph 259, except admit that Plaintiff purports to quote a portion of the American Institute of Certified Public Accountants' Clarified Auditing Standards and refer to that publication for its content.

260.    Defendants state that the allegations in Paragraph 260 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 260, except admit that Plaintiff purports to characterize the requirements of Section 302 of the Sarbanes-Oxley Act of 2002 and refer to that statute for its content.

261.    Defendants deny the allegations in Paragraph 261, except admit that Plaintiff purports to characterize the requirements of Section 302 of the Sarbanes-Oxley Act of 2002 and refer to that statute for its content.

262.    Defendants deny the allegations in Paragraph 262, except admit that Plaintiff purports to quote a portion of a standard promulgated by the Public Company Accounting Oversight Board and refer to that standard for its content.

263.    Defendants deny the allegations in Paragraph 263, except admit that Plaintiff purports to quote a framework created by Committee of Sponsoring Organizations of the Treadway Commission and refer to that framework for its content.

264.    Defendants deny the allegations in Paragraph 264, except admit that Plaintiff purports to quote select portions of the Forms 10-Q/A that Insys filed with the SEC for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

265.     Defendants state that the allegations in Paragraph 265 purport to state a legal conclusion and that no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 265.

266.     Defendants deny the allegations in Paragraph 266.

267.     Defendants deny the allegations in Paragraph 267.

268.     Defendants state that the allegations in Paragraph 268 purport to state a legal conclusion and that no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 268.

269.     Defendants deny the allegations in Paragraph 269, except admit that Plaintiff purports to quote select portions of the Forms 10-Q/A that Insys filed with the SEC for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

270.     Defendants deny the allegations in Paragraph 270, except admit that Plaintiff purports to quote select portions of the Forms 10-Q/A that Insys filed with the SEC for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

271.     Defendants deny the allegations in Paragraph 271.

272.     Defendants deny the allegations in Paragraph 272.

273.     Defendants deny the allegations in Paragraph 273, except admit that Plaintiff purports to quote select portions of the Forms 10-Q/A that Insys filed with the SEC for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

274.     Defendants deny the allegations in Paragraph 274, except admit that Plaintiff purports to characterize select portions of Insys's quarterly and annual SEC filings in 2015 and 2016 and refer to those filings for their content.

275.     Defendants deny the allegations in Paragraph 275, except admit that Plaintiff purports to quote from the transcript of the December 1, 2015 Piper Jaffray Healthcare Conference and refer to the transcript of that conference for its content.

276.     Defendants deny the allegations in Paragraph 276.

277.     Defendants deny the allegations in Paragraph 277.

278.     Defendants deny the allegations in Paragraph 278.

279.     Defendants deny the allegations in Paragraph 279, except admit that Plaintiff purports to quote a select portion of the indictment filed by the U.S. Attorney's Office for the District of Massachusetts on December 8, 2016 against Alec Burlakoff and other former Insys employees and refer to that indictment for its content.

280.     Defendants deny the allegations in Paragraph 280, except admit that Plaintiff purports to quote select portions from a report entitled "Fueling an Epidemic:  Insys Therapeutics and the Systemic Manipulation of Prior Authorization" released by the U.S. Senate Homeland Security & Governmental Affairs Committee on September 6, 2017 and refer to the report for its content.

281.     Defendants deny the allegations in Paragraph 281, except admit that Plaintiff purports to characterize select portions of the indictment filed by the U.S. Attorney's Office for the District of Massachusetts on December 8, 2016 against certain former Insys employees and the complaint filed by the Attorney General of New Jersey against certain former Insys employees and refer to those documents for their content.

282.    Defendants deny the allegations in Paragraph 282, except admit that Plaintiff purports to characterize select portions of the complaint filed by the Attorney General of New Jersey against certain former Insys employees and refer to that document for its content.

283.    Defendants deny the allegations in Paragraph 283, except admit that Plaintiff purports to quote select portions of the complaint filed in *USA ex rel. Furchak v. Insys Therapeutics, Inc.*, No. 4:12-cv-02930 (S.D. Tex.) and refer to the complaint for its content.

284.    Defendants deny the allegations in Paragraph 284.

285.    Defendants deny the allegations in Paragraph 285, except admit that Plaintiff purports to quote select portions of the indictment filed by the U.S. Attorney's Office for the District of Massachusetts on December 8, 2016 against certain former Insys employees and refer to that indictment for its content.

286.    Defendants deny the allegations in Paragraph 286, except admit that Plaintiff purports to characterize select portions of the indictment filed by the U.S. Attorney's Office for the District of Massachusetts on December 8, 2016 against certain former Insys employees and refer to that indictment for its content.

287.    Defendants deny the allegations in Paragraph 287, except admit that Insys held an earnings conference call on February 23, 2017 and refer to the transcript of the call for its content.

288.    Defendants deny the allegations in Paragraph 288.

289.    Defendants deny the allegations in Paragraph 289, except admit that Plaintiff purports to quote select portions of Insys's quarterly and annual SEC filings in 2015 and 2016 and refer to those filings for their content.

290.     Defendants deny the allegations in Paragraph 290, except admit that Plaintiff purports to quote select portions of Insys's quarterly and annual SEC filings in 2015 and 2016 and refer to those filings for their content.

291.     Defendants deny the allegations in Paragraph 291, except admit that Plaintiff purports to quote select portions of the Forms 10-Q/A that Insys filed with the SEC for the quarters ended September 30, June 30, and March 31, 2016 and 2015, and refer to those filings for their content.

292.     Defendants deny the allegations in Paragraph 292, except admit that Defendants Babich, Baker and Kapoor were senior executives at Insys and admit that Plaintiff purports to quote select portions of Insys's quarterly and annual SEC filings in 2015 and 2016 and refer to those filings for their content.

293.     Defendants deny the allegations in Paragraph 293, except admit that Insys sells and markets SUBSYS® and refer to Insys's SEC filings for a description of its business.

294.     Defendants deny the allegations in Paragraph 294, except admit that Insys announced its 2Q2016 revenue in a press release and on an earnings conference call on August 3, 2016 and refer to that press release and the transcript of the call for their content, admit that Daniel Brennan was terminated on August 10, 2016, and admit that Insys hired Brennan in November 2015.

295.     Defendants deny the allegations in Paragraph 295, except admit that Insys announced that its board of directors had initiated a search to identify a candidate to succeed Dr. John Kapoor as Chief Executive Officer in a press release on September 21, 2016, admit that Insys announced in a press release on November 5, 2015 that Dr. Kapoor had been appointed

Chief Executive Officer, and admit that Insys announced Dr. Kapoor's retirement in a press release on January 9, 2017.

296.    Defendants deny the allegations in Paragraph 296, except admit that Santosh Vetticaden was appointed Interim Chief Executive Officer on January 9, 2017, admit that Insys accepted Vetticaden's resignation as Interim Chief Executive Officer and Chief Medical Officer on April 11, 2017, admit that Insys announced on May 16, 2017 that Darryl Baker would transition from the role of Chief Financial Officer when a successor was hired, and admit that Baker had been Chief Financial Officer of Insys since October 2012.

297.    Defendants deny the allegations in Paragraph 297.

298.    Defendants deny the allegations in Paragraph 298.

299.    Defendants deny the allegations in Paragraph 299, except admit that Insys received a subpoena from the U.S. Attorney's Office for the District of Massachusetts on September 8, 2014, and admit that the U.S. Attorney's Office for the District of Massachusetts arrested and indicted Alec Burlakoff in December 2016.

300.    Defendants deny the allegations in Paragraph 300.

301.    Defendants deny the allegations in Paragraph 301, except admit that the U.S. Attorney's Office for the District of Massachusetts indicted Michael Babich and Alec Burlakoff in December 2016 and refer to those indictments for their content.

302.    Defendants deny the allegations in Paragraph 302.

303.    Defendants deny the allegations in Paragraph 303.

304.    Defendants deny the allegations in Paragraph 304.

305.     Defendants deny the allegations in Paragraph 305, except admit that former Director Theodore H. Stanley, M.D., was a member of the Compensation, Nominating and Corporate Governance Committees of the board of directors.

306.     Defendants deny the allegations in Paragraph 306.

307.     Defendants deny the allegations in Paragraph 307, except admit that Defendant Babich submitted Form 144 filings with the SEC during the purported Class Period and refer to those filings for their content.

308.     Defendants deny the allegations in Paragraph 308, except admit that Daniel Brennan was terminated on August 10, 2016.

309.     Defendants deny the allegations in Paragraph 309 and refer to public sources of Insys's historical stock price and trading volume.

310.     Defendants state that the allegations in Paragraph 310 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 310.

311.     Defendants state that the allegations in Paragraph 311 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 311.

312.     Defendants state that the allegations in Paragraph 312 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 312, except admit that Insys issued a press release on May 7, 2015 announcing its 1Q2015 financial results and refer to the press release for its content, admit that Insys issued a press release on November 5, 2015 announcing its 3Q2015 financial results and refer to the press release for its content, admit that Insys filed a Form 10-K with the SEC on

February 29, 2016 and refer to the filing for its content, and refer to public sources of Insys's historical stock price and trading volume.

313.   Defendants state that the allegations in Paragraph 313 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 313.

314.   Defendants deny the allegations in Paragraph 314, except admit that Insys issued a press release on March 15, 2017 and refer to the press release for its content, and refer to public sources of Insys's historical stock price and trading volume.

315.   Defendants state that the allegations in Paragraph 315 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 315.

316.   Defendants state that the allegations in Paragraph 316 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 316.

317.   Defendants state that the allegations in Paragraph 317 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 317.

318.   Defendants state that the allegations in Paragraph 318 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 318.

319.   Defendants state that the allegations in Paragraph 319 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 319.

320.     Defendants state that the allegations in Paragraph 320 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 320.

321.     Defendants state that the allegations in Paragraph 321 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 321.

322.     Defendants state that the allegations in Paragraph 322 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 322.

323.     Defendants state that the allegations in Paragraph 323 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 323.

324.     Defendants state that the allegations in Paragraph 324 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 324.

325.     Defendants state that the allegations in Paragraph 325 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 325.

326.     Defendants state that the allegations in Paragraph 326 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 326.

327.    Defendants state that the allegations in Paragraph 327 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 327.

328.    Defendants incorporate their responses to Paragraphs 1 through 327 as though fully set forth herein.

329.    Defendants deny the allegations in Paragraph 329, except admit that Plaintiffs purport to bring a claim under § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

330.    Defendants state that the allegations in Paragraph 330 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 330.

331.    Defendants state that the allegations in Paragraph 331 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 331.

332.    Defendants state that the allegations in Paragraph 332 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 332.

333.    Defendants state that allegations in the Paragraph 333 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 333.

334.    Defendants state that the allegations in Paragraph 334 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 334.

335.     Defendants state that the allegations in the Paragraph 335 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendant deny the allegations in Paragraph 335.

336.     Defendants state that the allegations in the Paragraph 336 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 336.

337.     Defendants state that the allegations in Paragraph 337 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 337.

338.     Defendants state that the allegations in Paragraph 338 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 338.

339.     Defendants state that the allegations in Paragraph 339 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 339.

340.     Defendants incorporate their responses to Paragraphs 1 through 339 as though fully set forth herein.

341.     Defendants deny the allegations in Paragraph 341, except admit that Plaintiffs purport to assert a claim under § 20(a) of the Exchange Act, 15 U.S.C. § 78t, against the Individual Defendants as control persons.

342.     Defendants state that the allegations in Paragraph 342 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 342.

343.     Defendants state that the allegations in Paragraph 343 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 343.

344.     Defendants state that the allegations in Paragraph 344 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 344.

345.     Defendants state that the allegations in Paragraph 345 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 345.

346.     Defendants state that the allegations in Paragraph 346 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 346.

347.     Defendants state that the allegations in Paragraph 347 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 347.

348.     Defendants state that the allegations in Paragraph 348 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 348.

349.     Defendants state that the allegations in Paragraph 349 purport to state a legal conclusion and no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 349.

350.     In response to the Paragraph beginning "WHEREFORE", Defendants deny that Plaintiff is entitled to a judgment or any of the requested relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses, which apply to each and every cause of action asserted in the Complaint against Defendants to which such defense is or may be applicable, pleaded in the alternative to the extent that they may be found to be inconsistent.  In asserting these defenses, Defendants do not assume any burden of proof, persuasion or production not otherwise legally assigned to them.  Defendants also do not concede that facts contrary to one or more of the averments that follow would support liability as to Defendants.  Defendants reserve all rights to rely on any affirmative or other defense or claim that may subsequently come to light during the course of the litigation, and expressly reserve the right to amend their answer to assert such additional defenses or claims.  Each defense herein is asserted against both Plaintiff and the members of the putative class.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1).

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any untrue statement of material fact.

47

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not omit to state any material fact necessary in order to make any statements made by Defendants not misleading.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged misrepresentations or omissions were non-actionable statements of puffery or were otherwise not material.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that Defendants acted with the requisite fraudulent intent, knowledge, scienter or recklessness.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the statements complained of were made in good faith and upon reliance on what Defendants believed was true at the time such statements were made.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements by Defendants were forward-looking statements, were identified as such and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.  Accordingly, such alleged misstatements are non-actionable under

the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1)(A), and

the bespeaks caution doctrine.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged

misstatements were forward-looking and Defendants did not have actual knowledge that

any such statements were false or misleading.  Accordingly, such alleged misstatements

are non-actionable under the Private Securities Litigation Reform Act of 1995, 15

U.S.C. § 78(u)-5(c)(1)(B).

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because certain alleged

misstatements contain expressions of opinion that Plaintiff has not alleged, and cannot

prove, were not truly held, and because Defendants have not omitted material facts

about their inquiry into, or knowledge concerning, such expressions of opinion.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that

Plaintiff seeks to impose upon Defendants disclosure obligations that are inconsistent

with, or in excess of, those imposed by the federal securities laws, including, but not

limited to, the Securities Exchange Act of 1934, the Private Securities Litigation Reform

Act of 1995 and the rules and regulations promulgated by the SEC.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove

loss causation.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove transaction causation.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove injuries that were proximately caused by any alleged misrepresentation or omission.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely, or could not have relied, either reasonably, justifiably or as a matter of law, upon the alleged misstatements or omissions in the Complaint.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants are not responsible for any alleged false or misleading statement or omission of material fact by third parties on which Plaintiff allegedly relied.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew or had reason to know the truth.  Specifically, certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed with a degree of intensity and credibility sufficient to effectively counterbalance any misleading impression or were otherwise in the public domain, and as such were available to Plaintiff, other members of the purported Class, or the securities markets, notwithstanding any alleged misrepresentations or omissions on which Plaintiff's claims are based.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate the alleged damages.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has incurred no legally cognizable injury or damages.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages for which Plaintiff claims Defendants are responsible arise from a depreciation in share price that was not the result of any material misrepresentation or actionable omission by Defendants and was otherwise caused or contributed to by persons or entities for whom Defendants are not responsible or liable, intervening or superseding events, industry or market conditions over which Defendants had no control and factors other than any alleged wrongful conduct on the part of Defendants.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misrepresentations and omissions in the Complaint did not affect the market price of the securities of which Plaintiff complains.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not misled by the market price of the securities insofar as the market or price may have been affected by any alleged misrepresentation or material omission by Defendants.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were the result of Plaintiff's or Plaintiff's agents' own actions, omissions and/or negligence.

### TWENTY-FIFTH DEFENSE

To the extent that Plaintiff has suffered damages, such damages must be offset by Plaintiff's gains.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert such claims.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported claims and the allegations upon which they are based are improperly vague, ambiguous and/or confusing.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants fully performed or discharged each and every alleged duty or obligation that Plaintiff asserts was owed to Plaintiff.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff had actual or constructive knowledge of some or all of the facts alleged in the Complaint upon which Defendants' liability is asserted, at the time that Plaintiff purchased the securities.  As such, Plaintiff assumed the risk that the value of the securities could decline, as Insys advised the investing public might occur.

### THIRTIETH DEFENSE

With respect to Plaintiff's claims under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934, any recovery for damages allegedly incurred by Plaintiff, if any, is limited to the percentage of responsibility of each Defendant in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-4(f).

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred under Section 20(a) of the Securities Exchange Act of 1934 because Plaintiff cannot establish the primary liability necessary to assert a claim for control person liability.

### THIRTY-SECOND DEFENSE

Plaintiff is precluded from recovering attorneys' fees from Defendants under applicable provisions of law.

### THIRTY-THIRD DEFENSE

This action may not properly be maintained as a class action under Rule 23 of the Federal Rule of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for judgment in their favor and against Plaintiff as follows:

1.      Dismissing the Complaint in its entirety and with prejudice;

2.      Determining that this action is not a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3.      Denying Plaintiff the relief sought in the Complaint;

4.      Ordering that Plaintiff take nothing and that judgment be entered in favor of Defendants and against Plaintiff;

5.      Awarding Defendants their reasonable attorneys' fees and costs to the maximum extent permitted by law, and post-judgment interest thereon at the maximum rate allowed by law from the date of judgment until paid in full; and

6.      Awarding such other and further relief as the Court deems just and proper.

Dated:    June 26, 2018

CRAVATH, SWAINE & MOORE LLP,

by

_/s/ Daniel Slifkin_

Daniel Slifkin
David Stuart
Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
dslifkin@cravath.com

_Attorneys for Defendants Insys_
_Therapeutics, Inc., Michael L. Babich,_
_Darryl S. Baker and John N. Kapoor_